**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| In re: ) | CASE No.    25-50503 (JAM) |
| ) | |
| LEE MONCHO, ) | CHAPTER    13 |
| ) | |
| Debtor. ) | RE: ECF No.    49 |
| ) | |

**Appearances**

Mr. Lee Moncho                                                                                         *Pro se Debtor*

Roberta Napolitano                                                                                    *Chapter 13 Trustee*
10 Columbus Boulevard
6th Floor
Hartford, CT 06106

**MEMORANDUM OF DECISION AND ORDER
GRANTING TRUSTEE'S MOTION TO DISMISS DEBTOR'S CASE WITH
PREJUDICE AND DISMISSING RELATED ADVERSARY PROCEEDINGS**

Julie A. Manning, United States Bankruptcy Judge

**I.      INTRODUCTION**

On June 20, 2025, Lee Moncho (the "Debtor"), proceeding *pro se*, filed this Chapter 13 case, his second Chapter 13 case filed since 2022. On June 24, 2025, the Debtor filed a Chapter 13 plan as required by 11 U.S.C. § 1321 (the "Plan," ECF No. 12).

This Chapter 13 case is not the first Chapter 13 case filed by the Debtor. He previously filed a Chapter 13 case on August 29, 2022, which was dismissed for cause under 11 U.S.C. § 1307(c) for several reasons, including that his Chapter 13 plan failed to treat the secured claim of U.S. Bank National Association, as Trustee for J.P. Mortgage Trust 2005-A7 ("U.S. Bank"), and that he was not able to propose a confirmable plan because his Schedules established he had no monthly income and no monthly expenses. *In re Lee Moncho*, Case No. 22-50442 (JAM)

(Bankr. D. Conn. Jan. 25, 2023), ECF No. 60. Although the Debtor appealed the dismissal order, the United States District Court for the District of Connecticut affirmed the order dismissing the case. *In re Lee Moncho*, Case No. 3:23-cv-00152 (OAW) (D. Conn. Sept. 30, 2024), ECF No. 21.

In the present case, the Chapter 13 trustee, Roberta Napolitano, (the "Trustee") filed a motion to dismiss the Debtor's case with prejudice pursuant to 11 U.S.C. §§ 1307 and 349(a) (the "Motion to Dismiss," ECF No. 49). The Trustee seeks dismissal for cause and further seeks dismissal with prejudice to bar the Debtor from filing another bankruptcy case for a period of two years. The Debtor filed an opposition to the Motion to Dismiss (the "Opposition," ECF No. 55). In the Opposition, the Debtor argues certain issues regarding real property commonly known as 245 High Meadow Road, Southport, Connecticut (the "Property"), which is the subject of a state court foreclosure action commenced in 2017 by U.S. Bank. *See U.S. Bank Nat'l Ass'n. v. Moncho*, Dkt. No. FBT-CV17-6065487-S (Conn. Sup. Ct. Jul. 10, 2017) (the "Foreclosure Action"). As the Debtor unsuccessfully did in the Foreclosure Action and in an adversary proceeding commenced against U.S. Bank in his prior Chapter 13 case, he again argues certain allonges referenced in the secured Proof of Claim of U.S. Bank (Claim No. 5-1) are fraudulent.

On October 14, 2025, a hearing was held on the Motion to Dismiss and confirmation of the Plan. The Trustee and the Debtor appeared at the hearing and advanced their respective arguments in support of, and in opposition to, the Motion to Dismiss and confirmation of the Plan. At the conclusion of the hearing, the Court denied confirmation of the Plan and took the Motion to Dismiss under advisement.

After review and consideration of: (i) the record in the Debtor's case and the two adversary proceedings commenced during his case; (ii) the record in the Debtor's prior Chapter

13 case and the adversary proceeding against U.S. Bank in that case as well as the record in his wife's prior Chapter 13 cases[1]; (iii) the record in the Foreclosure Action and the related appeals before the Connecticut Appellate Court and the Connecticut Supreme Court, of which the Court takes judicial notice, *see* Fed. R. Evid. 201; and (iv) the arguments advanced by the parties during the hearing, the Motion to Dismiss is **GRANTED**. In addition, the adversary proceedings challenging the validity, extent, and priority of U.S. Bank's lien (Adv. P. No. 25-05064) and objecting to U.S. Bank's Claim 5-1 (Adv. P. No. 25-05107) are also dismissed. *In re Porges*, 44 F.3d 159, 162–63 (2d Cir. 1995); *In re Adams*, 151 F.4th 144 (3d Cir. 2025).

## II.     DISCUSSION

### A.     Dismissal of the Debtor's case under section 1307.

Section 1307, which governs dismissal of Chapter 13 cases, provides, in pertinent part, on request of a party in interest (such as a creditor or trustee) and after notice and a hearing, the court may convert or dismiss a case for cause. 11 U.S.C. § 1307(c). Subsection (c) provides a non-exhaustive list of events that may be considered cause. *In re Ciarcia*, 578 B.R. 495, 499 (Bankr. D. Conn. 2017). Although not expressly enumerated in the statute, it is well established that cause includes a lack of good faith as well as an inability to confirm a Chapter 13 plan. *Ciarcia*, 578 B.R. at 499 (internal quotation marks and citations omitted); *see In re Porzio*, 622 B.R. 20, 24 (Bankr. D. Conn. 2020) (collecting cases).

---

[1] *See In re Karen Moncho*, Case No. 24-50729 (JAM) (Bankr. D. Conn. Oct. 23, 2024), ECF No. 7 (dismissed for failure to file Statement of Social Security Number and List of Creditors with Attention Lines); *In re Karen Moncho*, Case No. 24-50755 (JAM) (Bankr. D. Conn. Apr. 22, 2025), ECF No. 42 (dismissed for cause and with prejudice for ineligibility to be a Chapter 13 debtor, filing the case in bad faith, and failure to meet required duties of a debtor under the Bankruptcy Code with a two-year bar to refiling a subsequent petition).

The Court concludes cause exists to dismiss the Debtor's case for several reasons. First, the Debtor is not eligible to be a Chapter 13 debtor. The Bankruptcy Code provides "[o]nly an individual with regular income that owes, on the date of the filing of the petition, . . . noncontingent, liquidated, secured debts of less than $1,580,125.00 . . . may be a debtor under chapter 13 of this title." 11 U.S.C. § 109(e). The Debtor's secured debt exceeds the statutory debt limit to be a Chapter 13 debtor. 11 U.S.C. § 109(e). Although the Debtor lists the secured debt of U.S. Bank as "disputed," the Debtor admits in his Schedule D that the secured claim of U.S. Bank is $2,034,366.00, *see* ECF No. 1, p. 22, which is greater than the statutory debt limit in section 109(e). *In re Mazzeo*, 131 F.3d 295, 304–05 (2d Cir. 1997); *In re Toronto*, 165 B.R. 746, 752 (Bankr. D. Conn. 1994). U.S. Bank's claim is a liquidated secured debt and included in the debt limits of section 109(e) because it can be ascertained by and precisely determined in the judgment of strict foreclosure, which found U.S. Bank's debt to be $2,034,196.39 as of March 3, 2025 (Motion to Dismiss at Ex. B, p. 36). *See* COLLIER ON BANKRUPTCY ¶ 109.06[2][c] (16th ed. 2024); *Mazzeo*, 131 F.3d at 304.

Second, the Debtor cannot propose a confirmable plan. A Chapter 13 debtor "must have a 'regular income[,]' meaning that h[is] income must be 'sufficiently stable and regular to enable such individual to make payments under a [Chapter 13 plan.]'" *In re Taneja*, 789 F. App'x. 907, 909 (2d Cir. 2019) (quoting 11 U.S.C. §§ 101(3), 109(e)). The Debtor's monthly income and expense schedules, Schedules I and J, list his net monthly income as $120.00. (ECF No. 1, p. 35.) Despite the more than $2,000,000.00 secured claim of U.S. Bank, the Debtor's Schedules I and J do not include any monthly expense amount for mortgage payments, rent, or real estate taxes (ECF No. 1, p. 34–35) and his Plan does not treat U.S. Bank's secured claim (ECF No. 12, p. 5, 20). As the Trustee noted during the hearing, to pay U.S. Bank's claim and to pay a

4

dividend to unsecured creditors, the Debtor would be required to make Plan payments of more than $45,000.00 every month for a period of 60 months. *See, e.g.,* 11 U.S.C. §§ 1325, 1326. The admissions in the Debtor's Schedules establish that he does not have regular income to make the monthly Plan payments necessary to confirm his Chapter 13 plan. For these reasons, confirmation of the Plan was denied during the hearing.

Third, cause also exists to dismiss the Debtor's case because it was not filed in good faith. As described above, the Property is the subject of the Foreclosure Action in which U.S. Bank first obtained a judgment of strict foreclosure in 2019. The Debtor appealed the judgment of strict foreclosure to the Connecticut Appellate Court and the Connecticut Supreme Court and did not succeed on appeal. *U.S. Bank Nat'l Ass'n v. Moncho*, 203 Conn. App. 28 (2021), *cert. denied*, 336 Conn. 935 (2021).[2] Therefore, the merits of the Debtor's claims have been fully and finally decided by the judgment of strict foreclosure which is a final, nonappealable judgment. *Adams*, 151 F.4th at 144. In addition, the Trustee notes the Debtor's bad faith in filing this and his prior Chapter 13 case because both were filed on the eve of, or very close to, court ordered law days. The judgment of strict foreclosure was recently reentered and set a new law day of June 24, 2025. (Motion to Dismiss at Ex. B, p. 36.) The Debtor filed this case on June 20, 2025, to stop the law day from running and to further delay and hinder U.S. Bank from exercising its applicable nonbankruptcy law rights with respect to the Property. The Debtor's purpose in filing

---

[2] The Connecticut Supreme Court denied the Debtor's certification to appeal the Connecticut Appellate Court decision affirming the judgment of strict foreclosure. Despite the denial of certification, the Debtor and his wife filed another appeal of the judgment of strict foreclosure on April 11, 2024. The Connecticut Superior Court terminated the appellate stay finding "the appeal WAS filed for the sole purpose of delay", (Motion to Dismiss at Ex. B, p. 33), and also terminated the appellate stay for future appeals because "any future appeal will be filed for the sole purpose of delay and the due administration of justice requires future stays to be terminated", *see* Foreclosure Action, Entry No. 196.10. The Connecticut Appellate Court then dismissed the second appeal as "frivolous." (Motion to Dismiss at Ex. B, p. 34.)

this case was to reargue and relitigate issues he raised in the Foreclosure Action and lost on appeal. For these reasons, the Court agrees with the Trustee that the Debtor filed this case in bad faith.

In sum, because the Debtor is not eligible to be a Chapter 13 debtor, the Debtor cannot propose a confirmable Chapter 13 plan, and the Debtor filed this case in bad faith, cause exists to dismiss the Debtor's case under section 1307(c).

### B.    Dismissal of the Debtor's case with prejudice under section 349(a).

Although dismissal of a bankruptcy case is generally without prejudice, section 349(a) "at the same time expressly grants a bankruptcy court the additional authority to dismiss a case with prejudice to a subsequent filing of any bankruptcy petition." *In re Casse*, 219 B.R. 657, 662 (Bankr. E.D.N.Y. 1998), *subsequently aff'd,* 198 F.3d 327 (2d Cir. 1999). In *Casse*, the United States Court of Appeals for the Second Circuit recognized that filing a bankruptcy petition "merely to prevent foreclosure, without the ability or the intention to reorganize, is an abuse of the Bankruptcy Code," and serial filings can be a "badge of bad faith, as are petitions filed to forestall creditors." 198 F.3d at 332 (citation omitted). The Second Circuit concluded that in appropriate circumstances, bad faith can be a basis to dismiss a case with prejudice. *Id*. at 341–42. Following *Casse*, courts have held a finding of bad faith can justify dismissal with prejudice. *In re Traylor*, 628 B.R. 1, 8 (Bankr. D. Conn. 2021) (quoting *In re Feldman*, 597 B.R. 448, 461 (Bankr. E.D.N.Y. 2019)); *In re Bolling,* 609 B.R. 454, 456 (Bankr. D. Conn. 2019) (citation omitted).

The cause the Trustee asserts in support of dismissal of the Debtor's case also supports dismissal with prejudice under section 349(a). As noted above, the Debtor and his wife filed their Chapter 13 cases to prevent U.S. Bank from foreclosing on the Property. Furthermore, the

Debtor was not able to propose a confirmable plan in his prior case or in this case. In addition to the Plan not treating the secured claim of U.S. Bank, the Debtor commenced two adversary proceedings in this case seeking to "undo" the judgment of strict foreclosure, which the Debtor cannot do. *Adams*, 151 F.4th at 156. For these reasons, cause exists to dismiss the Debtor's case with prejudice with a two year bar to refiling a subsequent bankruptcy petition under any chapter of the Bankruptcy Code.

### C.  The adversary proceedings are also dismissed.

In *Porges*, the Second Circuit joined several other circuits and adopted the general rule that related adversary proceedings "ordinarily should be dismissed" when the underlying bankruptcy case is dismissed. 44 F.3d at 162. As the Second Circuit noted, this general rule favors dismissing adversary proceedings following dismissal of the bankruptcy case because the court's jurisdiction over the adversary proceedings "depends on the proceedings' nexus to the underlying bankruptcy case." *Porges*, 44 F.3d at 162 (citing *In re Querner*, 7 F.3d 1199, 1201–02 (5th Cir.1993); *In re Morris*, 950 F.2d 1531, 1533 (11th Cir.1992); *In re Smith*, 866 F.2d 576, 580 (3d Cir.1989)). Although the Second Circuit held dismissal of a bankruptcy case does not automatically strip the court of jurisdiction over a related adversary proceeding, if a decision is made not to follow the general rule, a bankruptcy court must consider the following four factors in determining whether to continue to exercise jurisdiction: (i) judicial economy; (ii) convenience to the parties; (iii) fairness; and (iv) comity. *Porges*, 44 F.3d at 162–63 (citations omitted).

The Court will follow the general rule adopted in *Porges* and dismiss the related adversary proceedings. Even if the Court did analyze the *Porges* factors, that analysis would lead to the inevitable conclusion that there is no basis to retain jurisdiction. The record in this

case, the record in the Debtor's and his wife's prior Chapter 13 cases, and the record in the Foreclosure Action clearly establish judicial economy, convenience to the parties, fairness, and comity would not be served. It is undisputed that the judgment of strict foreclosure, which also includes the determination of U.S. Bank's secured claim, is a final, nonappealable judgment. The Court cannot overturn, ignore, or "re-do" that judgment. *Adams*, 151 F.4th at 150. 28 U.S.C. § 1738 requires the judgment to have the "same full faith and credit" in the Debtor's case and the adversary proceedings, and therefore the Debtor is precluded from attempting to secure a different outcome in this Court. *Adams*, 151 F.4th at 156. Finally, as noted by this Court in other decisions, the Bankruptcy Court is not a court of appeals of state court proceedings. *In re Conrad*, 614 B.R. 20, 26 (Bankr. D. Conn. 2020); *In re Burgos*, 294 B.R. 210, 212 n. 4 (Bankr. D. Conn. 2003) (citing *Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002)). For all these reasons, the adversary proceedings are dismissed.

### III. CONCLUSION

Cause exists to dismiss the Debtor's case under 11 U.S.C. § 1307(c) and to dismiss the Debtor's case with prejudice to filing a subsequent petition under 11 U.S.C. § 349(a). In addition, the adversary proceedings are dismissed in accordance with *Porges*. Accordingly, it is hereby

**ORDERED:** Pursuant to 11 U.S.C. § 1307(c), the Motion to Dismiss is **GRANTED** and any matters pending in the Debtor's case are denied as moot; and it is further

**ORDERED**: Pursuant to 11 U.S.C. § 349(a), the Debtor's case is dismissed with prejudice to filing a subsequent petition under any chapter of the Bankruptcy Code within two years from the date of the entry of this Memorandum of Decision and Order; and it is further

**ORDERED:** The two adversary proceedings commenced by the Debtor (Adv. P. Nos. 25-05064 and 25-05107) are dismissed, any matters pending in the adversary proceedings are denied as moot, and the Clerk's Office is directed to docket this Memorandum of Decision and Order in those adversary proceedings and close those adversary proceedings; and it is further

**ORDERED:** At or before 5:00 p.m. on October 22, 2025, the Clerk's Office shall serve this Order on the Debtor at the address listed on his petition.

Dated at Bridgeport, Connecticut this 22nd day of October, 2025.

*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut